Sons of J. Bird León, Plaintiffs and Appellees, *v.* Luiña, Defendant and Appellant.

Appeal from the District Court of Humacao in an Action for Injunction.

No. 1638.—Decided July 20, 1917.

Injunction—Servitude—Right of Way—Record of Title—Complaint.—In an action for an injunction to enjoin interference with a servitude of right of way over a property of which the defendant is lessee, it is not necessary to allege in the complaint that the plaintiff's right is recorded in the registry if other facts are alleged therein showing its existence.

Id.—Id.—Id.—Outlets.—The fact that the dominant tenement has another outlet for its products, making it unnecessary to pass through the servient tenement, does not prevent the owner of the dominant tenement from continuing to pass through the servient tenement if such right was duly granted him by the owner of the latter.

Id.—Id.—Id.—Encumbrances—Third Person—Lease.—The circumstance that in a lease of property it is set out that the property is free from charges or encumbrances does not make the lessee a third person for the purposes of the acknowledgment of a servitude of right of way imposed on the property by its owner, particularly when, as in this case, the existence of the servitude is shown clearly from the registry.

The facts are stated in the opinion.

*Mr. Antonio R. Barceló* for the appellees.

*Mr. Juan Gregory* for the appellant.

Mr. Justice del Toro delivered the opinion of the court.

Sons of J. Bird y León, a general partnership doing business in Fajardo, brought an action for an injunction against Constantino Luiña to oblige him to respect a servitude of right of way existing in favor of a property belonging to the plaintiffs over another property held by Luiña under lease. Luiña admitted that he had obstructed the way, but alleged that he had done so because the servitude did not really exist. At the trial both parties examined their evidence and the court gave judgment for the plaintiffs, whereupon the defendant took the present appeal.

The brief of the appellant is lengthy and confused, but the following assignment of errors may be deduced therefrom:

(1) That an injunction to demand that a road be left open does not lie when it does not appear from the face of the petition that the right of the dominant tenement is recorded; (2) that a petition for injunction cannot be granted when it does not specify the damages with absolute clearness; (3) that the evidence of the title to the easement was insufficient; (4) that the injunction did not lie because it was shown that there was another road; (5) that the defendant is a third person.

(1) It is not necessary that the right of the plaintiff be recorded in the registry if the complaint sets up sufficient facts to show its existence. Besides, in this case, although the servitude was not recorded in the manner prescribed by the Mortgage Law, it is certain that from the books of the registry the fact of the encumbrance appears so clearly that notwithstanding the statement to the contrary by the registrar in one of the entries relating to the property, no one can claim to have been deceived.

The defendant himself introduced in evidence a certificate of the registrar of Humacao from which it appears that on July 3, 1878, Federico Guzmán sold a property of 28 acres of land to José Antonio Arrieta, the following being stated in

the deed of sale and in its record in the registry: "The sale of the said property having been made with all its ingresses and egresses, uses, customs, rights and servitudes, among which the vendee Arrieta specially recognizes that of the road which the vendor Guzmán has over the land purchased at the place called Matadero as a means of ingress and egress to and from his property, and binds himself to respect the same at all times."

On July 6, 1898, Arrieta sold the property to Diorata Cestary, the deed of conveyance containing the following: "Encumbrances: According to the title deed exhibited and the express statement of the vendor, the property described is subject to a servitude of right of way at the place known as Matadero, reserved by Guzmán in selling the property for the purpose of affording ingress and egress to and from an adjoining property." The deed was recorded in the registry in which another mortgage deed had been recorded previously. In recording the mortgage, which was the second mortgage affecting the property, although the registrar referred expressly to the first record in order to say that it gave the description, boundaries and *other conditions,* he stated the following: "The property does not appear to be affected by any encumbrance."

The property of 23 acres of land is now held by the defendant as lessee. The adjoining property under consideration is owned by the plaintiffs.

(2) It is true that the allegation of irreparable injury should have been made with greater clearness. But in view of the attendant circumstances; that is, an ancient servitude of right of way closed by the lessee of the servient tenement, thus directly obstructing the management of the dominant tenement, we believe that the action already taken by the district court should not be set aside for this reason.

(3) In our opinion the evidence is sufficient. In addition to the express statements in the deed relative to the servient

tenement and in the records of the same in the registry,
ample testimony was presented to show that the servitude
had existed for a very long time. Among the witnesses who
testified was Pedro Blanco, the husband of the owner of the
servient tenement, and he admitted without the slightest hesi-
tation that the servitude really existed. It should be well
understood that it is not the owner of the property who denies
the existence of the servitude. It is the lessee.

(4) The evidence of the defendant tended to show that
the property of the plaintiffs had another outlet to the town.
This appears to be true. By making a detour and passing
over a country road the plaintiffs could convey the products
of their farm to the town of Fajardo without the necessity
of passing through the property leased by the defendant.
But this does not prevent the plaintiffs from enforcing the
acknowledgment of their right, which was set out in a pub-
lic instrument since 1878 and recorded in the registry of
property.

(5) We have examined the evidence and, taking it as a
whole, it can be concluded that the property now owned by
the plaintiffs is the contiguous property referred to in the
deed of 1878.

(6) The fact that the contract of lease states that no
liens or encumbrances burdened the property leased does
not make the defendant a third person. He is simply a lessee
and, besides, it appears clearly from the registry that the
servitude exists.

The judgment appealed from should be

*Affirmed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Chief Justice Hernández took no part in the decision
of this case.